ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| NYLDA BERRIOS ANAYA<br><br>Demandante-Recurrida<br><br>v.<br><br>SUPERMERCADO PUEBLO Y OTROS<br><br>Demandado-Recurrido<br><br>**DUST CONTROL SERVICES OF PUERTO RICO, INC.**<br><br>Tercero Demandado-Peticionario | KLCE202401311 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.: AY2023CV00068<br><br>Sobre: Daños y perjuicios |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Pérez Ocasio y el Juez Sánchez Báez.[1]

**Sánchez Báez, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Compareció la peticionaria Dust Control Services of Puerto Rico, Inc. (en adelante, "Dust Control Services" o "peticionaria"), mediante recurso de *Certiorari* presentado el 4 de diciembre de 2024. Nos solicitó la revocación parcial de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama (en adelante, "foro primario" o "foro recurrido"), el 23 de octubre de 2024 y notificada al día siguiente. En esa *Resolución,* el foro primario declaró no ha lugar la *Moción de Desestimación* de demanda contra tercero por prescripción.

Por los fundamentos que expondremos a continuación, **se deniega la expedición** del auto de *Certiorari*.

**-I-**

---

[1] Mediante la Orden Administrativa OATA-2025-002, emitida el 9 de enero de 2025, se designó al Juez Isaías Sánchez Báez en sustitución del Juez Eric R. Ronda Del Toro.

El 5 de junio de 2023, la Sra. Nylda Berríos Anaya (en adelante, "señora Berríos Anaya") presentó *Demanda* sobre daños y perjuicios contra Pueblo, Inc. h/n/c Supermercado Pueblo (en adelante, "Supermercado Pueblo").[2] Alegó que el 11 de junio de 2022 sufrió una caída ocurrida por una alfombra ubicada en las facilidades del Supermercado Pueblo en el municipio de Arroyo, Puerto Rico.

Por su parte, el 7 de agosto de 2023, el Supermercado Pueblo presentó *Contestación a Demanda.*[3] En la misma fecha, presentó *Demanda Contra Tercero* contra Dust Control Services.[4] Alegó que esta última tenía la obligación de suplir, instalar, colocar y dar mantenimiento a la alfombra que ocasionó la alegada caída objeto de este caso, en virtud del contrato habido entre ellos. En particular, adujo lo siguiente:

> 6. De eventualmente concluir el Tribunal que la causa del accidente no fue exclusivamente el descuido y falta de previsibilidad de la propia demandante, Dust Control podría serle responsable total o parcialmente a la demandante por los daños probados. También podría serle responsable a la compareciente por toda o parte de la reclamación de la demandante.
>
> 7. Además, en el supuesto indicado en el párrafo anterior, Dust Control también vendría obligada a indemnizar a la demandante contra coparte, Pueblo, mediante el reembolso de los gastos, costas y honorarios de abogados incurridos en la defensa de este pleito.
>
> 8. En virtud del contrato habido entre Pueblo y Dust Control, ésta [ú]ltima viene obligada a proveerle defensa y cubierta a Pueblo bajo su póliza de seguro.
>
> [...]
>
> 10. En virtud de lo antes expuesto, Dust Control podría ser responsable tanto al amparo de las disposiciones de responsabilidad civil extracontractual del Código Civil de Puerto Rico de 2020, como de las disposiciones sobre obligaciones y contrato del referido Código Civil al amparo del contrato habido entre las partes.

Luego, el 31 de agosto de 2023, Dust Control Services presentó *Contestación a Demanda Contra Tercero* donde negó las

---

[2] Apéndice de la peticionaria, anejo V, págs. 23-26.
[3] *Íd.,* anejo VI, págs. 27-31.
[4] *Íd.,* anejo VII, págs. 32-34.

alegaciones incoadas en su contra y, en lo aquí pertinente, alegó que la *Demanda* estaba prescrita.[5]

Tras varios trámites procesales, el 30 de agosto de 2024, Dust Control Services presentó *Moción en Desestimación.*[6] En síntesis, argumentó que la causa de acción estaba prescrita, conforme al Artículo 1204 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9486, debido a que era una reclamación de responsabilidad civil extracontractual. En otras palabras, planteó que había transcurrido el término prescriptivo de un (1) año establecido por ley para incoar una reclamación en su contra. Además, fundamentó sus alegaciones con la normativa de *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 389 (2012) y *Maldonado Rivera v. Suárez y Otros,* 195 DPR 182, 209 (2016).

En consecuencia, el Supermercado Pueblo presentó *Oposición a Moción de Desestimación* en la cual sostuvo que la *Demanda Contra Tercero* está fundamentada en la responsabilidad contractual en virtud del contrato vigente con Dust Control Services.[7] Por tanto, adujo que el plazo prescriptivo aplicable al caso de epígrafe era de quince (15) años, a tenor con el Artículo 1864 del Código Civil de Puerto Rico de 1930.[8]

Luego de evaluar las mociones antes señaladas, el foro primario declaró no ha lugar la solicitud de desestimación de la *Demanda Contra Tercero* por prescripción.[9] En particular, determinó que "[l]as alegaciones del tercero demandante, Pueblo, Inc., están basadas en el incumplimiento con una obligación contractual, por lo que no le es de aplicación el término prescriptivo de un año".[10]

---

[5] *Íd.,* anejo VIII, págs. 35-39.
[6] *Íd.,* anejo II, págs. 3-12.
[7] *Íd.,* anejo IX, págs. 40-55.
[8] El Supermercado Pueblo señaló que al caso de epígrafe le aplicaban las disposiciones contractuales del Código Civil de 1930, por ser el marco regulatorio vigente al momento de convenir el contrato, esto es, el 23 de abril de 2012. Fundamentó lo anterior con el Artículo 1813 del Código Civil de 2020, 31 LPRA sec. 11718.
[9] Apéndice de la peticionaria, anejo I, págs. 1-2.
[10] *Íd.,* pág. 2.

En desacuerdo, Dust Control Services presentó *Moción de Reconsideración* en la que reiteró sus argumentos previos. En específico, arguyó que los daños reclamados por la señora Berríos Anaya no nacen de una relación contractual, sino que son puramente extracontractuales y, a esos fines, la causa de acción había prescrito.[11]

Así las cosas, el foro primario declaró no ha lugar la solicitud de reconsideración y dispuso como sigue:

> EN EL PRESENTE CASO NO NOS ENCONTRAMOS ANTE LA FIGURA DE VARIOS COCAUSANTES. TAMPOCO EXISTE RECLAMACIÓN ALGUNA DE LA PARTE DEMANDANTE CONTRA EL TERCERO DEMANDADO. POR TAL RAZÓN, DE DETERMINARSE EN SU DÍA LA EXISTENCIA DE ALGUNA OBLIGACIÓN POR LA QUE TUVIERA QUE RESPONDER EL TERCERO DEMANDADO, SERÍA ÚNICAMENTE FRENTE AL CODEMANDADO Y DEMANDANTE CONTRA TERCERO, PUEBLO INC., DE CONFORMIDAD AL CONTRARTO [sic] SUSCRITO ENTRE AMBOS.

Aun inconforme con lo anteriormente resuelto, Dust Control Services acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al declarar no ha lugar la Moción de Desestimación por Prescripción presentada por la parte peticionaria y al no aplicar el derecho vigente establecido en los casos *Fraguada Bonilla vs Hospital Auxilio Mutuo*, 186 DPR 365 (2012) y *Adria Maldonado Rivera vs Suarez*, 195 DPR 182 (2016).

Transcurrido el término dispuesto en la Regla 37 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 37, para que tanto Supermercado Pueblo, así como la señora Berríos Anaya presentaran sus memorandos en oposición a la expedición del auto solicitado, ninguno compareció por lo que damos por perfeccionado el recurso y procedemos a su adjudicación.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las

---

[11] *Íd.*, anejo III, págs. 13-20.

determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

-III-

De entrada, puntualizamos que en la medida en que el recurso de epígrafe versa sobre la denegatoria de una moción de carácter

dispositivo tenemos facultad en ley para atenderlo, a tenor con la Regla 52.1 de Procedimiento Civil, *supra.*

En el presente caso, la peticionaria argumentó que el foro primario incidió al denegar la desestimación del pleito por prescripción conforme a la normativa de *Fraguada Bonilla v. Hosp. Aux. Mutuo,* supra y *Maldonado Rivera v. Suárez,* supra. En síntesis, alegó que la *Demanda Contra Tercero* contiene dos (2) tipos de alegaciones o causas de acción: una contractual y otra extracontractual. Sobre esta última, arguyó que tanto la señora Berríos Anaya como el Supermercado Pueblo carecen de una reclamación que justifique un remedio toda vez que la *Demanda* está prescrita. En ese sentido, nos solicitó la desestimación parcial de la *Demanda Contra Tercero* en cuanto a la alegación extracontractual. Esto es, mantener vigente únicamente la alegación contractual frente a Supermercado Pueblo.

Sin embargo, tras examinar con detenimiento los autos de epígrafe, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Aunque, al revisar la *Demanda Contra Tercero* podría interpretarse que la alegación número seis (6) y número diez (10) representan una reclamación extracontractual, el foro primario concluyó que la reclamación instada por Supermercado Pueblo era contractual. Por ello, en su *Resolución Interlocutoria* enfatizó que, si se determinara en su día la existencia de alguna obligación por la que tuviera que responder Dust Control Services, sería únicamente frente a Supermercado Pueblo conforme al contrato suscrito por ambos. Véase, apéndice del peticionario, anejo IV, pág. 22.

Por tanto, entendemos que el foro *a quo* no incurrió en error de derecho ni abuso de discreción que, de no atenderse por este tribunal revisor, resultaría en un irremediable fracaso a la justicia.

Por último, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la resolución recurrida.

**-IV-**

Por los fundamentos previamente expuestos, se **deniega expedir** el auto de *Certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones